## McLaughlin's Estate

*Henry Temin* and *Todd Daniel*, for exceptants.

*Frank A. Bedford, Jr.,* and *Thomas Stokes*, contra.

BOLGER, J., November 8, 1940.—The trustee was allowed credit in its account for the portion of Federal estate tax paid upon the remainder interest of deceased settlor in the deed of trust, wherein the life tenant still lives. Exceptions by the life tenant allege there should be no apportionment; that the Act of July 2, 1937, P. L. 2762, amending the Fiduciaries Act of June 7, 1917, P. L. 447, is not applicable; that the language of the deed of trust forbids the resultant diminution of the life tenant's income, while the language of the settlor's will requires the tax be paid entirely from the testamentary estate.

We find no merit in any of these contentions. The act of assembly requires apportionment of the tax in the absence of intention to the contrary. We agree with the auditing judge that neither the will nor the deed of trust exhibits any such contrary intent.

For the reasons stated in the adjudication, the testamentary estate is not liable for more than its own portion of the tax. With the testamentary estate thus excluded, we have left only the trust under the deed from which to meet the payment of the tax.

The language of the deed of trust dealing with the subject is as follows:

"Any inheritance or succession taxes due upon the passing of the trust estate or the fund created and contemplated by this indenture, shall be computed upon and paid from the corpus, so that life estates hereunder shall be so enjoyed free from deduction for any such taxes."

As the trustee contends, the phraseology of this clause clearly subjects the principal of the trust to the payment of the tax. This is the plain intent of the settlor, found in his words. They mean no more than that the life estates shall be free from tax upon their own existence, i. e., without a direct deduction from income itself. They do not forbid an indirect deduction consequent upon a reduced income upon a reduced principal occasioned by payment of taxes from principal. The deed says that life estates shall be enjoyed free from deduction of any taxes upon the passing of the trust estate or the fund created or contemplated, but likewise expressly provides that such taxes shall be paid from corpus. Consequently, the deduction of any tax from corpus, whether upon the life estates themselves, or upon principal, must result in a diminution of income, but only indirectly. There is involved no invasion of income in the sense intended by the settlor. Since the tax must be paid from the trust estate, it is impossible to protect the life tenant, who seems to have been the preferred object of the settlor's bounty, any further than is done herein, unless we presume to

provide an annuity for the life tenant. This we are obviously powerless to do since we cannot change the provisions of the settlor's deed of trust.

We find no force in the reference to Crooks' Estate, 36 D. & C. 58, since the facts herein are readily distinguishable. There clarity of the express direction in the will, that the tax involved be paid by the testamentary estate, exempted the proceeds of life insurance policies therefrom, especially where the beneficiaries thereof were testator's wife and children.

Therefore, the exceptions are dismissed and the adjudication is confirmed absolutely.